UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| In Re:<br>    SHARON D. FARMER<br>        DEBTOR(S)<br><br>    PNC BANK, NATIONAL ASSOCIATION<br>        MOVANT<br><br>    V.<br>    SHARON D. FARMER<br>        Debtor(s)<br><br><br>    KENNETH E. WEST<br>        Trustee<br><br><br>        Respondent(s) | Chapter 13<br><br>Case Number: 25-10679-amc |

**MOTION FOR RELIEF FROM AUTOMATIC STAY
WITH RESPECT TO PROPERTY:
1869 WYNNEWOOD RD, PHILADELPHIA, PENNSYLVANIA 19151**

   PNC Bank, National Association, through its Counsel, McCalla Raymer Leibert Pierce, LLP, respectfully requests the Court grant its Motion for Relief and in support thereof respectfully represents as follows:

1. Movant is PNC Bank, National Association (hereafter referred to as "Movant").

2. Debtor(s), Sharon Farmer (hereinafter, "Debtor") is upon information and belief, an adult individual who is the owner of the property located 1869 WYNNEWOOD RD, PHILADELPHIA, PENNSYLVANIA 19151.

3. On March 31, 2009, Sharon Farmer, executed and delivered a Note in the principal sum of $235,653.00 to National City Mortgage a Division of National City Bank. A copy of the Note is attached as Exhibit "A" and is hereby incorporated by reference.

4. As security for the repayment of the Note, the Debtor, executed and delivered a Mortgage to National City Mortgage a Division of National City Bank. The Mortgage was duly recorded in the Office of the Commissioner of Records in and for the city of Philadelphia on April 22, 2009, as Instrument 52053665. A copy of the Mortgage is attached as Exhibit "B" and is hereby incorporated by reference.

5. The Mortgage encumbers Debtor's real property located at 1869 WYNNEWOOD RD, PHILADELPHIA, PENNSYLVANIA 19151.

6. A true and correct copy of the Certificate of Merger evidencing the merger with and into PNC Bank, National Association is attached hereto as Exhibit C.

7. The terms of the Note were amended by a loan modification agreement entered into by and between PNC Bank, National Association and the Debtor made on October 2, 2024 (the "Loan

Modification Agreement"). A copy of the Loan Modification Agreement is referenced as Exhibit "D".

8. Debtor(s) filed the instant Chapter 13 Bankruptcy on February 20, 2025 and, as a result, any state court proceedings were stayed.

9. Debtor's mortgage loan is in default and is currently due for the September 1, 2025 payment and each subsequent payment through the date of the motion. Debtor has failed to make the following post-petition payments to Movant:

**POST-PETITION PAYMENTS IN DEFAULT**

| | | | |
|---|---|---|---|
| Monthly Payments in Default........................ | | | 9/1/25-1/1/26 |
| Due Date | Due Amount | # Months | Total Due |
| 9/1/25-1/1/26 | $1,319.77 | 5 | $6,598.85 |
| Suspense Balance:........................ | | | ($1,103.33) |
| Total Amounts Due as of January 1, 2026: | | | $5,495.52 |

10. As a result of the Debtor's default and failure to make payments or to otherwise adequately provide for Movant in the bankruptcy filing, Movant is not adequately protected and is entitled to relief.

11. As of January 1, 2026, the Unpaid Principal Balance of the loan is $137,130.81. The total debt of the loan is $144,000.82.

12. The Debtor's Schedule A/B lists the value of the Property as $266,160.00.

13. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge, and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant, directly or through an agent, has possession of the Note. The Note is endorsed in blank. Movant is the beneficiary or the assignee of the Deed of Trust.

14. To the extent the Court does not find that relief is appropriate, then Movant requests that the stay be conditioned such that in the event the Debtor(s) fall(s) behind on post-petition payments or trustee payments that Movant may receive relief upon default by the Debtor(s) of the terms of the conditional order.

15. Movant requests that the stay of Bankruptcy Rule 4001(a)(4) be waived.

16. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant will incur legal fees and costs. Attorney fees and court filing costs not to exceed $1,549.00 amount will be incurred for representation in this matter. Movant reserves all rights to seek an award or allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

WHEREFORE, Movant, PNC Bank, National Association respectfully requests this Court to grant the appropriate relief under 11 U.S.C. §362 from the automatic stay stay as set forth in the proposed order together with waiver of Bankruptcy Rule 4001(a)(4).

                Respectfully Submitted:

                McCalla Raymer Leibert Pierce, LLP

                *By: /s/ Mark Cronin*
                Mark Cronin
                McCalla Raymer Leibert Pierce, LLP
                325-41 Chestnut Street, Suite 725
                Philadelphia, Pennsylvania, 19106
                Telephone: 215-402-6989
                mark.cronin@mccalla.com

Date: 02/10/2026